IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELET ALCENAT,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-06-1880 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT,** | : | |
| | : | |
| Defendant. | : | |

## M E M O R A N D U M

**I.     Background.**

Plaintiff, Michelet Alcenat, an inmate at the Schuylkill Federal Correctional Institution ("FCI-Schuylkill") in Minersville, Pennsylvania, commenced this *pro se* action with a *Bivens*[1] civil rights complaint (Doc. 1).  Plaintiff has also filed two applications to proceed *in forma pauperis* (Docs. 2 and 5).   Defendant is the Bureau of Immigration and Customs Enforcement ("ICE").

Plaintiff claims that on February 3, 2002, he flew into a Puerto Rican Airport and he was detained by ICE for inspection.  He alleges that while he was detained, ICE confiscated his personal property, and he is seeking return of the property through the instant complaint.  For the following reasons, the complaint will be dismissed pursuant to

---

[1]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

the provisions of 28 U.S.C. § 1915.

**II.    Discussion**

    **A.    Preliminary Review of Complaint**

The Prison Litigation Reform Act ("PLRA") established new procedures for prisoners' civil rights actions filed in federal court.  Under § 1915(e)(2) of the Act, the Court **shall** dismiss claims by parties seeking to proceed *in forma pauperis* "if the court determines that – (B) the action or appeal – (i) is frivolous . . . ."  28 U.S.C. § 1915(e)(2)(B)(i).  Similarly, under Section 1915A of the Act, the Court is required to screen civil complaints by prisoners who seek redress from a governmental entity, or employees or officers of a governmental entity, and Section 1915A(b) requires courts to "dismiss the complaint . . . if the complaint – (1) is frivolous . . . ."  28 U.S.C. § 1915A(b)(1).

The frivolousness determination applies equally to cases that are factually frivolous and those that are legally frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  An action is legally frivolous if it is based upon an indisputably meritless legal theory. *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).  Indisputably meritless legal theories are those "in which it is . . . readily apparent that the plaintiff's complaint lacks an arguable basis in law . . . ." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990).  "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when a complaint is appropriate for summary dismissal. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Although the Court is mindful that *pro se* complaints are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint that does not establish

2

entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend.  *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

### B.  *Bivens* Claim

A *Bivens* action, the federal equivalent of the § 1983 cause of action, will lie where (1) the defendant, acting under color of federal law, (2) has deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Brown v. Philip Morris, Inc.*,  250 F.3d 789, 800 (3d Cir. 2001)  Both elements must be present, and Plaintiff fails to satisfy the second.

Implicit in the complaint is Plaintiff's assertion that he is being deprived of his property without due process, in violation of the Fourteenth Amendment to the United States Constitution.  Plaintiff alleges that on February 3, 2002, he arrived at the Luis Munoz Airport in Puerto Rico, where he was inspected by ICE for entry to the United States.  Upon inspection, his watch, gold necklace, and suitcase were taken from him and he was given a receipt for the items.  Thereafter, Plaintiff was sentenced for unspecified crime(s) and sent to FCI-Schuylkill to serve his sentence.  Before he left Puerto Rico, he began attempts to obtain return of his property, and to date he has been unsuccessful.  However, he avers that on "August 14, 2003, [he] received a letter . . . stating that the Government [was] willing to return [his property] upon receive (sic) of an address to mail them to."  (Doc. 1 at 5.)  Notwithstanding the notice of willingness to return the property, Defendants have retained the property because Plaintiff has not provided an address for transmission of his items.  Thus, the continued deprivation of Plaintiff's property is occasioned by Plaintiff's failure to provide and address for return of the items, and not by Defendant's refusal to part with

3

Plaintiff's belongings.  Consequently, the Court concludes that Plaintiff has failed to allege any violation of a right, privilege, or immunity secured by the Constitution or the laws of the United States, and the case will be dismissed as frivolous under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), without leave to amend.  An appropriate Order follows.


Dated: November 30, 2005                             /s/ A. Richard Caputo
                                                                                               A. RICHARD CAPUTO
                                                                                               United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHELET ALCENAT,** | : |
| Plaintiff, | : CIVIL NO. 3:CV-06-1880 |
| v. | : (Judge Caputo) |
| **BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT,** | : |
| Defendant. | : |

# O R D E R

**AND NOW, THIS 30th DAY OF NOVEMBER, 2006**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motions for leave to proceed *in forma pauperis* (Docs. 2 and 5) are **GRANTED** for the purpose of filing this complaint.

2. Plaintiff's complaint is dismissed as legally frivolous.

3. Plaintiff's motion for return of property (Doc. 3) is **DENIED** as moot.

4. The Clerk of Court is directed to close this case.

5. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

                                            /s/ A. Richard Caputo
                                            A. RICHARD CAPUTO
                                            United States District Judge